IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.  3:17-00-103-L |
| BRADLEY HARRIS, ET AL. | |

GOVERNMENT NOTICE OF NON-EXPERT TESTIMONY

The United States of America intends to elicit testimony at trial from witnesses from the Texas Board of Pharmacy, Texas Health and Human Services (formerly under Texas Department of Aging and Disability Services) and the Medicare Administrative Contractors ("MAC"), Qlarant and Palmetto GBA.  This anticipated testimony is not expert in nature, pursuant to Federal Rules of Evidence (FRE) 701 and 702, but the government gives this notice should any defendant wish to address this issue in a pre-trial motion.

The government intends to elicit testimony from these witnesses regarding the basics of the Medicare program, the definition and requirements for Medicare hospice, the general billing process under Medicare hospice, the process by which a patient is referred for Medicare hospice, the audit controls for Medicare hospice, how Medicare hospice caps are determined and calculated, and the rules and regulation of prescribing controlled substances.[1] The government anticipates their testimony will provide the jury

---

[1] This information is being provided to the defense in an abundance of caution. Even if the anticipated testimony of these witnesses was somehow deemed to be expert in nature (which the government does not believe it to be), the defense would not be at any disadvantage, as they been given the same notice as they would were it deemed expert

**Government Notice of Non-Expert Testimony – Page 1 of 6**

with the necessary background regarding the relevant government programs at issue in the trial.  In addition, to the extent that any of the witnesses and/or their organizations were involved with any audit or oversight review of Novus at the time of the alleged criminal offenses, the witnesses will be fact witnesses either personally or as a representative of their   employer.

### Background on Texas Board of Pharmacy witness

Adrienne Bauer is a Senior Compliance Inspector with the Texas Board of Pharmacy, which promotes, preserves, and protects the public health, safety, and welfare by fostering the provision of quality pharmaceutical care to the citizens of Texas through the regulation of the practice of pharmacy, the operation of pharmacies, and the distribution of prescription drugs in the public interest. Ms. Bauer has worked for the Texas State Board of Pharmacy since 2009. Ms. Bauer is well versed in the rules and regulations specific to the operation of a pharmacy and the proper dispensing of pharmaceutical drugs in the State of Texas. Prior to her work for the State of Texas, Ms. Bauer worked for multiple pharmacies, including those that specialized in hospice pharmacy. Ms. Bauer has a Bachelor of Science from Midwestern State University.

### Background on Qlarant witness

Laurie McMillan is a Project Manager and Law Enforcement Coordinator and works for Qlarant Integrity Solutions LLC ("Qlarant"). In 2018, Qlarant was selected by

---

testimony. See Federal Rule of Criminal Procedure 16(a)(1)(G) (requiring a written summary of any testimony that the government intends to use under FRE 702, 703, or 705 if requested by the defense). The government would be happy to provide the defense with additional details regarding the anticipated testimony if it is requested by the defense.

the Centers for Medicare and Medicaid Services ("CMS) – the government agency responsible for administering Medicare – as a Unified Program Integrity Contractor (UPIC) to detect, prevent, and proactively deter fraud, waste, and abuse in Medicare and Medicaid Programs. Qlarant performs fraud, waste, and abuse functions in the Western and Southwestern regions. Prior to 2018, the UPIC contractor for the Western and Southwestern regions was Health Integrity LLC ("Health Integrity"). Prior to her work for Qlarant, Ms. McMillan was employed by Health Integrity conducting the same work. Ms. McMillan's duties include serving as a law enforcement liaison and investigator of Medicare providers, with a focus on hospice and home health. She is well versed in Medicare policies, regulation, and indicators of fraud, particularly those concerning hospice and home health care. Ms. McMillan began her work in healthcare in 1985 with the United State Air Force. Ms. McMillan has a Bachelor of Science in Nursing from the University of Nebraska at Kearney. Ms. McMillan is Registered Nurse ("RN") and a Certified Fraud Examiner ("CFE").

## Background on Palmetto GBA witnesses

Donna Salais is the Director of Reimbursement for Palmetto GBA, which is a Medicare Administrative Contractor ("MAC") and its role is to protect the Medicare Trust Fund. MACs serve as the primary operational contact between Medicare and enrolled health care providers, conducting functions such as processing claims, making and accounting for payments, enrolling providers, handling first stage appeals, responding to provider inquiries, educating providers on billing requirements, and reviewing medical

records for selected claims. There are three MACs for Home Health and Hospice, and Palmetto GBA has been awarded the contract covering Jurisdiction M, which includes Texas. Ms. Salais has been the Director of Reimbursement since 2019 and has worked for Palmetto GBA for over 30 years. Ms. Salais has a Bachelor of Science in Accounting from Clemson University.

Stephanie Josephik is a Palmetto GBA employee who is responsible for preparing hospice cap determinations. Ms. Josephik has worked for Palmetto GBA and the predecessor MAC, Aetna, for over 30 years. Ms. Josephik is intimately involved in hospice and hospice cap calculations, and is well versed in Medicare rules and regulations. Ms. Josephik began her work with Palmetto GBA doing home health audits, but has spent the last ten years doing hospice work. Ms. Josephik was responsible for over 2,000 hospice cap calculations.

### Background on Texas Health and Human Services witness

Charlayne Burns is a Program Manager and works for the State of Texas, Department of Health and Human Services Commission ("HHSC"). Ms. Burns serves as the Program Manager for the Regulatory Division, Region 3, which has oversight for home health and hospice agencies for the eight counties in the Metroplex. HHSC's Regulatory Division is responsible for conducting surveys of covered agencies either due to a routine survey or as a result of a complaint. Ms. Burns has been the Program Manager of the unit for nine years. Prior to that, Ms. Burns worked as a surveyor in the unit. Ms. Burns is well versed in both Medicare policies and regulations, as well as Texas policies

and regulations, specifically concerning hospice and home health care. Ms. Burns has worked in the healthcare field for over 30 years, including working as a Licensed Vocational Nurse ("LVN"), a Registered Nurse ("RN"), and working for the State of Texas.

### Anticipated Testimony Will Not Be Expert in Nature

While all of these witnesses may be viewed as experts in their respective fields, given their vast experience, much like anyone who has performed a job for a considerable period of time, the government does not believe that the anticipated testimony (as described above) can be construed as expert testimony under the Federal Rule of Evidence.

The anticipated testimony, given its limited scope, is not based on scientific, technical or other specialized knowledge, and will not be based on opinion. Instead, in addition to facts, the testimony will relate to basic facts about the Medicare system, hospice, and controlled substance prescriptions, which are in the realm of a lay person if such lay person were directed to certain written materials or had the experience that these witnesses have. The anticipated testimony does not involve any scientific principles or tests, and does not require medical training.

### This Approach is Consistent With Other Health Care Fraud Cases

The use of and notice of non-expert program witnesses is common in healthcare fraud cases and has been an accepted manner by which to educate the jury about basics regarding the programs at issues in a given case.

In a case from this District, *United States v. Adenuga, et al.*, 3:12-CR-313, the

government designated two program witnesses – one from Health Integrity, LLC, a Medicare Administrative Contractor, and one from the Texas Medicaid Healthcare Partnership – prior to trial (Dkt. No. 100), and Judge Solis allowed their testimony at trial as non-expert witnesses.

Similarly, in another case from this District, *United States v. St. John, et al.*, 3:12-CR-310, the government designated a single program witness – from Health Integrity, LLC – prior to trial (Dkt. No. 85), and Judge Godbey allowed his testimony at trial as a non-expert witness, despite objections from the defense (*See* Dkt. No. 85).

In a case from the Southern District of Texas, *United States v. Clifford Ubani, et al.*, 4:10-CR-416, the government notified the defense of its intent to use a fact witness whose testimony would relate to the administration of the Medicare home healthcare program. (*See* Dkt. No. 235.)

Government counsel is not aware of any decision by a Court of appeals rejecting the above described approach in a healthcare fraud setting.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*/s/ Donna Strittmatter Max*
MARTY BASU
Assistant United States Attorney
Illinois Bar No.: 6302360
Email: marty.basu@usdoj.gov
DONNA STRITTMATTER MAX

Assistant United States Attorney
Texas Bar No.: 24041984
Email: donna.max@usdoj.gov
CHAD E. MEACHAM
Assistant United States Attorney
Texas Bar No.: 00784584
Email: chad.meacham@usdoj.gov
1100 Commerce Street - Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8600
Fax: 214-659-8805